## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PAUL UTAH,                                          :
    Plaintiff,                                :
                                              :
    v.                                        :        **CIVIL ACTION NO. 19-CV-5291**
                                              :
PENNSYLVANIA STATE                                  :
POLICE, *et al.*,                                   :
    Defendants.                               :

## MEMORANDUM

**SCHMEHL, J. /s/ JLS**                                         **JANUARY 28, 2020**

Plaintiff Paul Utah, who resides in New York, has recently filed a Second Amended Complaint invoking the Court's federal question jurisdiction for "human right violations and civil rights violations" that occurred "all over the state of Pennslyvania [sic]," during the past eight years. [1]  (ECF No. 10)  Utah seeks leave to proceed *in forma pauperis*. [2]  For the following reasons, the Court will grant him leave to proceed *in forma pauperis* and dismiss his Complaint as frivolous.

---

[1] It is well recognized that an amended complaint, once submitted to the Court, serves as the governing pleading in the case because an amended complaint supersedes the prior pleading. *See Shahid v. Borough of Darby*, 666 F. App'x 221, 223 n.2 (3d Cir. 2016) (per curiam) ("Shahid's amended complaint, however, superseded his initial complaint.") (*citing W. Run Student Hous. Assocs. LLC v. Huntingdon Nat'l Bank*, 712 F.3d 165, 171 (3d Cir. 2013)); *see also Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019) ("In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity.  Thus, the most recently filed amended complaint becomes the operative pleading.") (internal citations omitted).  Accordingly, the Second Amended Complaint Utah submitted to the Court after his initial Complaint (ECF No. 2) and Amended Complaint (ECF No. 6) supersedes the prior pleadings, and the Court will proceed to screen the Second Amended Complaint.

[2] Utah has three pending Motions for Leave to Proceed *In Forma Pauperis* (ECF Nos. 5, 7, and 9), which were filed on January 9, 2020, January 14, 2020, and January 22, 2020, respectively. Each motion filed appears to provide updated information with respect to his financial status.

## I.    FACTUAL ALLEGATIONS

Utah's Second Amended Complaint indicates that the basis for this Court's jurisdiction is "human right violations and civil rights violations," and he asserts that the events giving rise to his claims have occurred "all over the state of Pennslyvania [sic]" from January 1, 2012 through January 22, 2020.  (ECF No. 10 at 2-3.) [3]  Some of Utah's allegations are as follows:

> pa police knew about brain . . . Did manipulation and tampering will technology in public businesses, Chief of State police knew of illegal acts done against me and illegal investigations against me. There were illegal manipulations of personal technology including computer cellphones and cellphone apps. Human eye on me from the state police, state police law enforcement on me, used brain technology to sting and annoy me. brain technology tampered with my skull, teeth, cheek, nose and ears, caused pain and suffering for close to 8 years, Affected sex life, dating life and chance at love for close to eight years, caused emotional tramua in my life. use of stingray did illegal tracking and montionng in pubic spaces, used different cities emergency centers caused mental disablties, knee of neuro imaging, brain technology gave me dreams, Connected to people through phone calls, text messages, emails, knew of damage and manipulations to engine and coolant of the car, manipulations and tampering with technology in public places, caused humilations, affected my genitals because i really wanted to use it. harrasement and intimidation thru human beings people could hear my brain from use of brain technology, illegal montoring of calls, influenced sheriff, placed cars on my route, influenced state troopers, brain technology built mucus in nasal and ear passage tampered with my employement knew i loved and needed a caucausian female in my life. Stealing business ideas and other facts from me, heavy use of physcology, influence lawyers influence of ex-family.use of fire departments, use of ambulances and emts, Making me emotional in public places, caused bad memories, told people to lie, defemation and slander
>
> .   .   .
>
> Chief of Bethlehem Police, Chief of Allentown Police and Chief of Philidephia police knew and chief of easton police about illegal investigations and brain technology and illegal tracking also there

---

[3] The Court adopts the pagination assigned to the Complaint by the CM/ECF system.

was illegal questioning, There was civil right violations everytime i
went to a public space or made a call . . .

(ECF No. 10 at 3-4) (errors in original). Utah avers "[e]motional and physical trauma to brain,
throat, cheek, mouth, skull due to brain technology and trauma due to [g]enitals because of stress
and use of the brain technology on [him] and [his] genitals were not being used for years." (*Id.*
at 4.) He seeks "65 million dollars resolution because people were making [his] life hell and
because of the state or federal crime that happened in the state of pa. . . ." (*Id.*)

## II.  STANDARD OF REVIEW

Because it appears that he is incapable of paying the fees necessary to commence this
action, Utah will be granted leave to proceed *in forma pauperis*. Accordingly, Utah's Second
Amended Complaint is subject to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), which requires the Court
to dismiss a complaint if it frivolous or fails to state a claim. A complaint is frivolous if it "lacks
an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is
legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United
States*, 67 F.3d 1080, 1085 (3d Cir. 1995). To survive dismissal, the complaint must contain
"sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."
*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory
statements[] do not suffice." *Id.* Factual allegations that are "fanciful," "fantastic," and
"delusional" are considered "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).
As Utah is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*,
655 F.3d 333, 339 (3d Cir. 2011).

## III.  DISCUSSION

The Court has carefully reviewed Utah's Second Amended Complaint and concludes that
it is both frivolous and fails to state a claim upon which relief can be granted. The allegations

are fanciful and delusional.  Notably, the action filed in this Court is quite similar to actions that

Utah has filed in other federal district courts.  Recently, Chief United States District Judge

Colleen McMahon of the United States District Court for the Southern District of New York

noted that Utah's "claims rise to the level of the irrational, and there is no legal theory on which

he can rely."  *Utah v. New York Police Dep't*, Civ. A. No. 19-CV-10778, 2019 WL 6701992, at

*1 (S.D.N.Y. Dec. 6, 2019) (dismissing complaint as frivolous and warning Utah that "if he

continues to abuse the privilege of proceeding IFP. . ., he will be ordered to show cause why he

should not be barred").  *See also Utah v. Starbucks Corp.*, Civ. A. No. 19-CV-10733, 2019 WL

6341565, at *1 (S.D.N.Y. Nov. 27, 2019) (noting that Utah had filed at least three other actions

with similar allegations and different defendants, all of which were dismissed as frivolous under

28 U.S.C. § 1915(e)(2)(B)(i)); *Utah v. Barnes & Noble*, Civ. A. No. 19-CV-10734, 2019 WL

6341394, at *1 (S.D.N.Y. Nov. 27, 2019) and *Utah v. Shoprite Corp.*, Civ. A. No. 19-CV-10779,

2019 WL 6731994 (S.D.N.Y. Dec. 11, 2019) (same).  Utah's Second Amended Complaint will

be dismissed as frivolous.

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Utah leave to proceed *in forma pauperis*

and dismiss his Second Amended Complaint.  As it appears amendment would be futile,

especially in light of Utah's litigation history, the Court will dismiss this case with prejudice.

Utah should note that the repeated filing of duplicative lawsuits raising claims that the Court has

already addressed and dismissed may result in restrictions on filing privileges in the future.  *See*

*Abdul-Akbar v. Watson*, 901 F.2d 329, 333 (3d Cir. 1990) ("When a district court is confronted

with a pattern of conduct from which it can only conclude that a litigant is intentionally abusing

the judicial process and will continue to do so unless restrained, we believe it is entitled to resort

to its power of injunction and contempt to protect its process.").  An appropriate Order follows, which shall be docketed separately.

BY THE COURT:

/s/ Jeffrey L. Schmehl
JEFFREY L. SCHMEHL, J.